IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                             **Case No. 07-20164-06-JWL**
                                                                 **Civil No: 16-2115-JWL**

**Brandie Pennell,**

    **Defendant.**

## MEMORANDUM & ORDER

In February 2008, defendant Brandie Pennell entered a plea of guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. The presentence investigation report (PSR) recommended an enhancement to Ms. Pennell's sentence based on the career offender guideline, U.S.S.G. § 4B1.1, and the court applied that guideline in sentencing Ms. Pennell. This matter is now before the court on Ms. Pennell's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. In support of her motion, Ms. Pennell contends that she was sentenced as a career criminal and, in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), her sentence must be reduced accordingly. As will be explained, the motion is denied.[1]

---

[1] The court presumes that Ms. Pennell's motion—which is her first § 2255 petition—is brought pursuant to 28 U.S.C. § 2255(f)(3), which provides that the one-year statute of limitations period may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* is retroactively applicable to cases on collateral review.

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), dictates a minimum fifteen-year sentence if the offender violates § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense." *Id.* § 924(e). Under the ACCA,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized language is commonly referred to as the "residual clause." *In re Gieswein*, 802 F.3d 1143, 1145 (10th Cir. 2015) (citing *Johnson*, 135 S. Ct. at 2556). In *Johnson*, the Supreme Court held that enhancing a sentence under the residual clause violates a defendant's right to due process because that portion of the ACCA is unconstitutionally vague. *Id.* (citing *Johnson*, 135 S. Ct. at 2557, 2563).

A review of Ms. Pennell's PSR reveals that she was not deemed an armed career criminal under the ACCA. However, her sentence was enhanced under the career offender guideline. *See* U.S.S.G. § 4B1.1. That guideline provides that a defendant is a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The Tenth Circuit has applied *Johnson* to the residual clause of the definition of a "crime of violence" under the career

2

offender guideline because that clause is nearly identical to the clause struck down by the Court in *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness in light of *Johnson*).

Ms. Pennell's offense of conviction was a controlled substance offense and, as noted in the PSR, Ms. Pennell had two prior state convictions for distribution of a controlled substance and trafficking in drugs. Her sentence was enhanced, then, under the "controlled substance" provisions of the career offender guideline rather than the "crime of violence" provisions of that guideline. The residual clause that the Circuit struck down as unconstitutionally vague in *Madrid* is found in a provision of the guidelines that defines "crime of violence" for purposes of the "crime of violence" clause. The "crime of violence" provisions were not applied to Ms. Pennell in any respect and, in fact, none of the Guidelines utilized in calculating Ms. Pennell's sentence are implicated by the Supreme Court's decision in *Johnson*. The Supreme Court's holding in *Johnson* and, by extension, the Tenth Circuit's holding in *Madrid*, is inapplicable to Ms. Pennell's situation and the court may not reduce Ms. Pennell's sentence based on the *Johnson* decision.[2]

---

[2] In her reply brief, Ms. Pennell for the first time asks the court to remove the U.S.S.G. § 2D1.1(b)(1) two-level sentence enhancement for possession of a dangerous weapon because she was never personally possessed a weapon. The court need not address this argument because it was not raised in Ms. Pennell's motion. Nonetheless, it matters not that Ms. Pennell never personally possessed the weapon—the guidelines permit sentencing courts to attribute to a defendant a weapon possessed by a codefendant if the possession was known to the defendant or reasonably foreseeable by the defendant. *United States v. Newman*, 80 Fed. Appx. 52, 53-54 (10th Cir. 2003). As noted in the PSR, Ms. Pennell reported that during drug transactions at Leona Garcia's residence, there were "two soldiers" who were always armed with handguns. Ms. Pennell never objected to this portion of the PSR and never objected to the enhancement.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Pennell's motion to vacate, correct or set aside her sentence (doc. 445) is denied.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge